**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE       )
                           )
      v.                  )     ID No. 2004004125
                           )
ERIC S. TEEL,           )
                           )
        Defendant.    )

Submitted:  September 26, 2023
Decided:  December 7, 2023

**<u>ORDER</u>**

This 7th day of December, 2023, the Court enters the following Order:

Eric Teel is quite unhappy about his conviction and sentence, which might seem ironic since he pled guilty and received exactly the sentence he bargained for. This, his second Rule 61 petition, will be denied, as was his first petition.

1.      Mr. Teel is serving a 10-year minimum mandatory sentence for Possession of a Firearm by a Person Prohibited ("PFBPP") as mandated by 11 Del. C. §1448(e)(1)(C).  He will serve a probationary term upon completion of his prison sentence pursuant to his concurrent plea of guilty to terroristic threatening.

2.      Mr. Teel filed a Rule 61 claim in May, 2022.  In that motion, he took issue with the 10-year mandatory sentence, arguing that the paperwork was

1

defective in listing the 2 prior violent felonies that predicated the mandatory sentence. The Court obtained briefing by the parties and considered his argument carefully.

3. In September, 2022, the Court ruled that the defect in the paperwork was a scrivener's error and did not require resentencing because he had, in fact, been convicted of 2 prior violent felonies, thus meeting the statutory criterion for enhanced sentencing.

4. Mr. Teel appealed the Rule 61 Order to the Delaware Supreme Court. After filing his notice of appeal, Teel also filed a new Rule 61 motion in Superior Court. In light of the Defendant's appeal of the prior Rule 61, the Court stayed any action on this second motion while the matter was pending in the Supreme Court.

5. In September, 2023, the Delaware Supreme Court affirmed the denial of Rule 61 relief, thus sending the matter back to this Court, thereby allowing jurisdiction to again reside in Superior Court. The affirmance also had the effect of allowing this Court to now consider Teel's second Rule 61 motion.

6. Second or subsequent Rule 61 motions are subject to Rule 61(d)(2) which provides that second or subsequent motion for relief "shall be summarily dismissed unless the movant was convicted after a trial and…"

2

7.    Mr. Teel was not convicted after trial, he was convicted after a plea of guilty.  His motion is therefore subject to summary dismissal.  While this would ordinarily end the matter, the Court nonetheless considered the merits of Teel's second Rule 61 motion.  The Court finds nothing in his subsequent motion that would warrant relief under the extremely limited circumstances permitted even if he had proceeded to trial.

In light of the above, Defendant's subsequent Rule 61 Motion is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED**.


/s/ Charles E. Butler
Charles E. Butler, Resident Judge


cc:    Prothonotary
        Nichole T. Whetham Warner, Deputy Attorney General
        Eric S. Teel, (SBI # 00394778)